UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TRANSITO OSORIO TZOC and all others similarly situated under 29 U.S.C. 216(B),

Plaintiff,

vs.

M.A.X TRAILER SALES & RENTAL, INC. d/b/a MAX THERMO SALES
MAXIMO RODRIGUEZ,

Defendants.

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, TRANSITO OSORIO TZOC on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, M.A.X TRAILER SALES & RENTAL, INC. d/b/a MAX THERMO SALES, and MAXIMO RODRIGUEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.
2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.
3. The Defendant M.A.X TRAILER SALES & RENTAL, INC. d/b/a MAX THERMO SALES is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").
4. The individual Defendant MAXIMO RODRIGUEZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's

wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a wielder from on or about June 10, 2011 through on or about the present and ongoing.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use

on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2010, 2011, and 2012.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2013 and is expected to exceed $500,000 for the year 2013.

14. Between the period of on or about June 10, 2011 through on or about the present and ongoing, Plaintiff worked an average of 63 hours a week for Defendants and was paid an average of $11.25 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Specifically, Defendants would require that Plaintiff perform an additional approximate of 5 overtime hours of work on Saturday weekly and an additional approximate of 18 overtime hours of work throughout the week working as a security guard for Defendants (in addition to his wielder responsibilities); Plaintiff never received any pay for these approximately 23 overtime hours each week. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell__________
J.H. Zidell, Esq.
Florida Bar Number: 0010121