UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-23859-CIV-O'SULLIVAN

[CONSENT]

TRANSITO OSORIO TZOC and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

v.

M.A.X TRAILER SALES & RENTAL, INC.
d/b/a MAX THERMO SALES
MAXIMO RODRIGUEZ,

    Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Reconsideration Regarding [DE 47] (DE# 48, 5/27/15). On May 18, 2015, the Court granted in part and denied in part the defendants' motion for summary judgment. See Order (DE# 47, 5/18/15). The plaintiff now seeks reconsideration of the Court's ruling on the his retaliation claim.

Generally, there are three grounds justifying reconsideration of a prior order: (1) an intervening change in controlling law; (2) availability of new evidence and (3) the need to correct clear error or manifest injustice. Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made . . . ." Z.K. Marine. Inc. v. MN Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Moreover, a party should not use

> a motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly . . . . The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of

> the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities. Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

The Court previously considered the arguments and legal authorities contained in the Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment with Incorporated Memorandum of Law [DE 41] (DE# 43, 4/8/15). The Court carefully examined the record and the case law in entering summary judgment for the defendants on the plaintiff's retaliation claim in a detailed 31-page order. Motions for reconsideration are strongly disfavored. Here, the plaintiff raises arguments which were already made or should have been made in his response to the summary judgment motion. The plaintiff has not met his burden on a motion for reconsideration. He has not shown an intervening change in the law, offered new evidence or demonstrated a need to correct clear error or manifest injustice. A motion for reconsideration is not a vehicle for the plaintiff to rehash arguments that were previously rejected by the Court or raise new ones. Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Reconsideration Regarding [DE 47] (DE# 48, 5/27/15) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this **9th** day of June, 2015.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record